INSURANCE COS. *v.* AVERY & GRIFFITH.

(*Knoxville.* September 24, 1895.)

1. DECLARATION. *Upon insurance policy.*

It is not essential to the statement of a cause of action against an insurance company which guaranteed a policy issued by another company, that it be declared against as a guarantor, but a declaration in the form prescribed by the Code, to recover against both, as joint insurers, a certain sum as the value of goods which they had insured, is sufficient. (*Post, p. 297.*)

2. GENERAL ISSUE. *Defense made under.*

Evidence that one of the insured set fire to the house in which the insured property was situated, is admissible in a suit upon the policy under the general issue. (*Post, pp. 297, 298.*)

Case cited and approved: Insurance Company *v.* Munday, 5 Cold., 554.

3. SAME. *Same.*

The violation of an "iron safe clause" in an insurance policy may be shown in a suit upon the policy under the general issue. (*Post, p. 299.*)

---

FROM ROANE.

---

Appeal in error from the Circuit Court of Roane County. S. A. RODGERS, Judge.

WRIGHT & WRIGHT, and WASHBURN, PICKLE & TURNER for Insurance Cos.

WELCKER & McNUTT for Avery & Griffith.

McALISTER, J.   The plaintiffs below recovered a judgment in the Circuit Court of Roane County, against the plaintiffs in error, for the sum of eighteen hundred dollars, upon a policy of fire insurance. The policy was issued by the Knoxville Fire Insurance Company, and its payment was guaranteed by the German-American Insurance Company. Both companies appealed, and have assigned errors. The first assignment, is that the policy introduced in evidence should have been excluded, on the ground of variance with the declaration, and because it was not the instrument sued on. As already stated, the policy was issued by the Knoxville Fire Insurance Company, and its payment guaranteed by the German-American Company. The declaration does not aver against the latter · company as guarantor, but is in the usual form prescribed by the Code, to recover the sum of $2,000, the value of certain goods, etc., which the defendants, on the second of October, 1893, insured against loss or injury by fire or other perils in the policy mentioned. We are of opinion that the declaration was sufficient, and that it was not necessary to proceed against the German Company as guarantor, or to set out its contract of guaranty, but that this was a matter of proof.

The second assignment of error is that the Court erred in withdrawing from the consideration of the jury certain evidence which the defendants had introduced tending to prove that Griffith, one of the partners insured, set fire to the house in which the

stock was consumed. This assignment of error is well made. The action of the Circuit Judge in withdrawing this evidence from the jury, was based on objection of plaintiff's counsel that this defense should have been specially pleaded, and that such evidence was not admissible under the general issue. Whatever may be the rule elsewhere, such evidence was clearly competent under the practice in this State. The precise question is decided in the case of the *Phœnix Insurance Company* v. *Munday*, 5 Cold., 554. That was a suit upon a policy of fire insurance. The plea was *nil debet.* The policy provided, viz.: "If the insured shall make any attempt to defraud the company, then and in every such case the policy shall be null and void. All frauds, or attempts at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company under this policy." There was evidence tending to show that, after the fire, the assured, in his preliminary proofs of loss, corruptly and falsely swore to an overestimate of his stock. Counsel objected to this testimony, for the reason that, the insurance company having filed no special plea setting forth the fact that the plaintiff had been guilty of fraud, such a defense was not admissible in evidence under the plea of *nil debet.* The Court held, viz.: "The action is debt, and in that form of action the defendant may, under the plea of *nil debet*, give in evidence the matters constituting the defense relied upon," citing 1 Chit., p. 481; 2 Greenl. on Ev.,

§ 280.   The rule is stated otherwise by Mr. May, in his work on Insurance, but the cases cited by him to support the text are probably founded upon the Code practice of the States from which they are taken.

The third assignment is, that the Court erred in withdrawing from the jury the evidence showing that defendants in error had not kept their inventory and books in an iron fire-proof safe, or other secure place.   The policy sued on contained what is known as the iron safe clause, and there was proof showing that this stipulation in the policy had been violated.   Upon motion of counsel for plaintiff, the Court likewise excluded this evidence from the consideration of the jury, upon the ground that such a defense was not specially pleaded, and could not be made under the general issue.   For the reasons already given, this action was erroneous.

The judgment is reversed, and the cause remanded.